UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Jordan Peterson,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>Jeffrey A. Uttecht,<br><br>　　　　　　　Respondent. | CASE NO. 3:19-cv-05458-RJB-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: October 25, 2019 |

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner Jordan Peterson, proceeding *pro se* filed his federal habeas Petition, pursuant to 28 U.S.C. § 2254, seeking relief from a state court conviction. Dkts. 1, 9. The Court concludes the Petition is time-barred and recommends the Petition be dismissed with prejudice.

- 1

**I.   Background**

Petitioner was convicted, upon pleading guilty, of attempted rape of a child in the second degree. Dkt. 14, Exhibit 1. Petitioner did not appeal his judgment and sentence in state court. Dkts. 9, 14. Petitioner filed this Petition on May 21, 2019. Dkts. 1, 9.[1]

Petitioner raises four grounds for relief all based on his claim he is unlawfully detained and the State of Washington does not have jurisdictional authority to decide federal matters. Dkt. 9.[2] On August 15, 2019, Respondent filed an Answer, wherein he asserts the Petition was filed after the limitations period expired. Dkt. 13. Respondent maintains the Petition is therefore time-barred and should be dismissed with prejudice. *Id*. In the alternative, Respondent argues the Petitioner is unexhausted and procedurally barred and Petitioner fails to state a federal constitutional ground for relief. *Id.* Petitioner filed a Traverse. Dkt. 15.

**II.   Discussion**

   *A.   Statute of Limitations*

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which is codified at 28 U.S.C. § 2241 *et seq.*, a one-year statute of limitations applies to federal habeas petitions. Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." If during the limitations period a "properly filed application for state post-conviction or other collateral review . . . is

---

[1] Under the prison "mailbox rule," a petition is deemed filed for purposes of AEDPA's statute of limitations the moment it is delivered to prison authorities for forwarding to the clerk of the district court. *See Patterson v. Stewart*, 251 F.3d 1243, 1245 n. 2 (9th Cir. 2001). Here, it is not clear when Petitioner submitted the Petition to prison authorities for filing. The Petition was filed on May 21, 2019, Dkt. 1, but the Petition does not contain the date it was delivered to prison authorities and Petitioner did not sign the Petition until June 13, 2019, Dkt. 8.

[2] The Petition appears on the docket at docket number 1 and docket number 9. The Court will refer to docket number 9 throughout the remainder of this Report and Recommendation.

pending," the one-year period is tolled. 28 U.S.C. § 2244(d)(2); *see Pace v. DiGulielmo*, 544 U.S. 480, 410 (2005).

If a petitioner fails to petition the state's highest court for review, the conviction becomes final when the time for seeking such review elapses. *See Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001). In Washington, notice of appeal must be filed in the trial court 30 days after the entry of the decision of the trial court. Wash. RAP 5.2(a). Thus, if a petitioner does not file a direct appeal, the state court judgment becomes final at the end of the thirty-day period. *See id*; 28 U.S.C. § 2244(d)(1)(A).

Petitioner's judgment and sentence was filed by the clerk on November 3, 2017, and he did not file a direct appeal challenging his convictions and sentence. Dkts. 9, 14, Exhibit 1. Thus, Petitioner's judgment and sentence was final on December 4, 2017,[3] the date the time for filing a direct appeal expired. *See* Wash. RAP 5.2(a). The AEDPA limitations period began running on December 5, 2017. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002) (AEDPA limitations period begins to run the day after the conviction is final).   The one-year statute of limitations expired on December 5, 2018. Petitioner did not file the Petition until May 21, 2019, after the limitations period expired. *See* Dkts. 1, 9.

Petitioner contends the AEDPA limitations period is "Not Applicable" to his Petition. Dkt. 9 at 13. In the Petition, Petitioner specifically challenges his state court convictions and sentence, Dkt. 9 at 1, but he does not provide any evidence showing he appealed the underlying case in state court or that he was precluded from challenging his convictions. The AEDPA limitations period provided Petitioner with a reasonable opportunity to have his claims heard on the merits.

---

[3] Thirty days from November 3, 2017 ends on December 3, 2017 which is a Sunday, however, if the last day is a Saturday, a Sunday, or a legal holiday, "the period runs until the end of the next day which is neither a Saturday, a Sunday, or a legal holiday"—which would be Monday, December 4, 2017.  *See* CrR 8.1; CR 6(a).

His decision not to avail himself of such an opportunity does not demonstrate the one-year limitation period does not apply to him.

For the above stated reasons, the Court finds Petitioner has not shown the Petition was timely filed. As the record reflects the Petition was filed after the statute of limitations had run, the Petition is untimely.

### B. *Statutory and Equitable Tolling*

The AEDPA limitations period is tolled for any properly filed collateral state challenge to the pertinent judgment or claim. 28 U.S.C. § 2244(d)(2). However, Petitioner did not a collateral challenge in state court, and thus, statutory tolling does not apply.

The AEDPA limitations is also subject to equitable tolling where the petitioner pursued his rights diligently and "some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). To receive equitable tolling, a petitioner at the very least must show the extraordinary circumstances "were the but-for and proximate cause of his untimeliness." *Ansaldo v. Knowles*, 143 Fed. App'x. 839, 840 (9th Cir. 2005).

Petitioner does not argue he is entitled to equitable tolling and fails to demonstrate any extraordinary circumstance prevented him from filing a timely habeas petition. *See* Dkts, 9, 15. Therefore, Petitioner fails to show he is entitled to statutory or equitable tolling, and the Petition is barred by the AEDPA limitations period.

### C. *Exhaustion and Merits*

Respondent also argues the Petition is not properly exhausted and procedurally barred and fails to state a federal constitutional ground for relief. Dkt. 13. However, because the Court concludes the Petition is untimely, the Court declines to consider Respondent's alternative grounds for denying habeas corpus relief.

**III.    Evidentiary Hearing**

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to hold an evidentiary hearing in this case because, as discussed in this Report and Recommendation, the Petition may be resolved on the existing state court record.

## IV.  Certificate of Appealability

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or would conclude the issues presented in the Petition should proceed further.

Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

## V. Conclusion

The Petition is untimely as it was filed more than one year after the state court judgment became final. There are no extraordinary circumstances in this case requiring the application of equitable tolling principles. Therefore, the Petition is barred by the one-year limitations period imposed under 28 U.S.C. § 2244(d) and should be dismissed with prejudice. No evidentiary hearing is required and a certificate of appealability should be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on October 25, 2019 as noted in the caption.

Dated this 3rd day of October, 2019.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge